IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JAMES ROSS, )
)
       Plaintiff, )
)
vs. ) Case No. 15-4075-CV-C-ODS-SSA
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
)
       Defendant. )

ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his applications for disability insurance benefits and supplemental security income. The Commissioner's decision is affirmed.

I. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion." Andrews v. Colvin, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." Cline v. Colvin, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. Anderson v. Astrue, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence;

rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1971, and has at least a high school education. R. at 24, 35, 38. In August 2012, Plaintiff applied for disability insurance benefits and supplemental security income, alleging a disability onset date of November 20, 2011. R. at 11, 151-64. Plaintiff's applications were denied, and he requested a hearing. A hearing was held in November 2013, after which the ALJ issued her decision finding that Plaintiff was not disabled. R. at 11-25, 30-70.

In reaching her decision, the ALJ found that Plaintiff had the following severe impairments: scoliosis, minimal spondylosis, pituitary adenoma, lipoma of skin, gastroesophageal reflux disease, asthma, chronic obstructive pulmonary disease, tachycardia, hypertension, and mental impairments variously diagnosed as post-traumatic stress disorder, bipolar disorder, alcohol dependence, anxiety disorder, and mood disorder. R. at 13. The ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform light work as defined except he could not climb ladders, scaffolds, or ropes; must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation; was limited to simple and routine work with frequent interaction with coworkers and supervisors and occasional interaction with the general public; and was limited to no more than ten minutes straight in a bending position from the waist, not to include sitting, every four hours for a total bending time of twenty minutes in an eight-hour day. R. at 16. The ALJ concluded, based upon this RFC and the testimony of the Vocational Expert ("VE"), Plaintiff could work as an inspector hand packager and small products assembler. R. at 24.

## III. DISCUSSION

Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence because the ALJ should have accorded more deference to the

2

opinion of Cheryl Hemme, M.D., Plaintiff's treating psychiatrist, when making her RFC determination. The Court disagrees.

The ALJ accorded "little weight" to the Medical Source Statement ("MSS") completed by Dr. Hemme due to inconsistencies between Dr. Hemme's MSS and his treatment notes. R. at 23. A treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. See e.g., Anderson v. Astrue, 696 F.3d 790, 793-94 (8th Cir. 2012); Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996). In addition, "[a] treating physician's own inconsistency may also undermine his opinion and diminish or eliminate the weight given his opinions," such as when he offers an opinion that is inconsistent with his contemporaneous treatment notes. Hacker v. Barnhart, 459 F.3d 934, 937 (8th Cir. 2006).

Here, Dr. Hemme's MSS suggested more serious limitations than those reflected in her contemporaneous treatment notes. The MSS indicated Plaintiff was "markedly" or "extremely" limited in fourteen of the twenty areas of consideration. R. at 1034-35. Yet, in her treatment notes, Dr. Hemme stated, among other things, Plaintiff responded well to treatment when he took his prescribed medications and abstained from alcohol. R. at 19-20, 23, 355-56, 671-72, 695-96, 950-51, 996-97. Dr. Hemme also noted that Plaintiff self-reported he was doing "pretty good," doing "fine," his mood was "fairly stable," he had not "gotten angry or snapped" at anyone for several months," and "feeling better overall," but was a "mess" when he did not take his medications. R. at 19-20, 547, 671-72, 756, 768-69, 830, 950-51. In addition, Plaintiff informed other medical providers that he felt stable and the medications prescribed by Dr. Hemme helped him feel more stable. R. at 528, 547, 610, 659, 694, 714, 833. Furthermore, medical providers, counselors, and social workers often described Plaintiff's mood as euthymic when interacting with him. R. at 364-65, 507, 531, 557, 564, 568, 573, 592, 594, 600, 603, 605, 610, 612, 655-56, 658-59, 662, 678, 683, 686, 691, 701, 707, 710, 712, 716, 718, 727, 732, 734, 755, 766, 829, 958, 964, 971, 980, 989-90, 1003, 1006, 1022. Significantly, Plaintiff also testified before the ALJ that his medications were effective, and the medications generally controlled his mental impairments. R. at 54, 59. These medical records and observations, combined with Plaintiff's testimony, are

3

inconsistent with Dr. Hemme's opinion that Plaintiff is "markedly" or "extremely" limited mentally. Having found inconsistencies between Dr. Hemme's treatment notes and Dr. Hemme's MSS, the ALJ was entitled to afford little weight to Dr. Hemme's opinion. Based upon the record, the Court does not find that the ALJ erred in accorded "little weight" to the MSS completed by Dr. Hemme.

Further, the Court finds the portions of the RFC pertaining to Plaintiff's mental limitations are supported by substantial evidence in the record. The ALJ found that Plaintiff must be limited to simple and routine work with frequent interaction with coworkers and supervisors and occasional interaction with the general public. R. at 24. Plaintiff testified that he often played pool, cards, and dominos with others, attends church two or three times per month, and visits with at least one friend, but he has troubles with large crowds. R. at 45-51, 59; *see also* R. at 254-57. Additionally, the medical evidence and observations from social workers and counselors support the ALJ's finding with regard to Plaintiff's mental limitations. R. at 19-20. And Dr. Hemme, Plaintiff's treating psychiatrist, opined that Plaintiff could not understand, remember, or carry out detailed instructions. R. at 1034. Plaintiff's testimony, other medical providers' treatment notes, and even part of Dr. Hemme's MSS support the mental limitations set forth in the ALJ's RFC determination. Accordingly, the ALJ's RFC determination related to Plaintiff's mental limitations are supported by substantial evidence in the record.

## IV.  CONCLUSION

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision, so the denial of benefits is affirmed.

IT IS SO ORDERED.

DATE: October 30, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

4